IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**BUSINESS SYSTEMS ENGINEERING**

    Plaintiff-Counter Defendant,

       v.                           No. 04 C 8254
                                             Judge Bucklo
**INTERNATIONAL BUSINESS MACHINES**    Magistrate Judge Keys

    Defendant - Counter Plaintiff

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS

NOW COMES Plaintiff, BUSINESS SYSTEMS ENGINEERING, INC. ("BSE"), by and through its attorneys, GOLD & COULSON, a partnership of professional and limited liability corporations, and objecting to Defendant's Bill of Court Costs, states as follows:

## STANDARD FOR AWARD OF COSTS

An award of costs to a prevailing party under Federal Rule of Civil Procedure 54(d)1 is not automatic and is "within the sound discretion of the district court." *Badillo v. Central Steel & Wire Co.*,717 F.2d 1160, 1165 (1983).  A court will impose costs only if the claimed expenses "are reasonable, both in amount and necessity to the litigation." *Harkins v. Riverboat Services, Inc.*, 286 F.Supp.2d 976, 979 (2003).  "The court is vested with the discretion to decide whether and to what extent costs may be awarded to prevailing parties." *Harkins v. Riverboat Services, Inc.*, 286 F.Supp.2d 976, 979 (2003) (*citing Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993). Prevailing parties may not recover costs for service of summons or subpoena in excess of the United States Marshal's fees. *Harkins v. Riverboat Services, Inc.*, 286 F.Supp.2d 976, 979 (2003).

**BSE's specific objections with Federal Rule 54(d)**

BSE objects to Defendant's claim of $6260.10 for the copying of "pre-production documents" as a party can only recover the cost of "materials actually prepared for use in the litigation and delivered to the court and opposing counsel." *Harkins v. Riverboat Services, Inc.*, 286 F.Supp.2d 976, 982-83 (2003). *Harkins* also does not allow costs "used solely for the attorney conveniences." Moreover, $6,260.10 for the copying of pre-production documents has not been justified as reasonable. The invoice produced by IBM merely states 41,726 pages were copied at a price of $6260.10 without a breakdown specifying their reasonableness in terms of "amount or necessity to the litigation." *Harkins v. Riverboat Services, Inc.*, 286 F.Supp.2d 976, 979 (2003). Also, IBM's $157.69, incurred to make BSE hard copy productions "searchable", is unrecoverable because this cost was incurred "solely for the attorney convenience." *Harkins v. Riverboat Services, Inc.*, 286 F.Supp.2d 976, 982 (2003).

On the same basis as set forth in the previous paragraph, BSE objects to $1,002.94 claimed by IBM for making copies to store at an off-sit warehouse, "blowbacks", copies produced on CD, and two copies produced for QuickBooks; as they were incurred solely as a convenience to the attorney and not as a necessity to the litigation. BSE next objects to IBM's claim of $334.33, the cost of 3rd party productions. Parties are generally "permitted to recover the cost for making three copies… one copy for the defendant, one copy for the plaintiff, and one copy for the court." *Harkins v. Riverboat Services, Inc.*, 286 F.Supp.2d 976, 982-83 (2003).

**GENERAL OBJECTION**

Even if IBM establishes the costs claimed are reasonable in amount, and necessity to the litigation, a court may be requested to deny the entry of an award of costs, and "consider a plaintiff's indigency in denying costs under Rule 54(d)." *Badillo v. Central Steel & Wire Co.*,

717 F.2d 1160, 1165 (1983). A showing of indigency can overcome the presumption that costs are to be awarded to the prevailing party under rule 54(d). *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (1983). It is undisputed in this case that BSE is insolvent and no longer operating. IBM established this fact by virtue of its extensive discovery which resulted in the expenditure of a great deal of the costs it now seeks as an award. More importantly, IBM's summary judgment victory, as the court knows, is now on appeal. Should BSE prevail on appeal and the case is remanded for trial on BSE's claim, the issue of cost assessment would have to be revisited. This court has retained jurisdiction of IBM's counterclaim for defamation which is set for trial May 27, 2008.

## CONCLUSION

For all of the above reasons, the Court is asked to deny IBM's Petition for costs, or at least delay determination until the resolution of IBM's defamation claim and a ruling by the 7th Circuit on BSE's appeal.

                                      Respectfully submitted,

                              By:    s/Arthur S. Gold

                                    Arthur S. Gold, one of Plaintiff's attorneys

GOLD & COULSON
A Partnership of Professional
and Limited Liability Corporations
11 S. LaSalle Street
Suite 2402
Chicago, Illinois 60603
(312) 372-0777
(312) 372-0778 Facsimile

C:\WP51\ASG\BSE\CostsObjection.wpd