**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BUSINESS SYSTEMS ENGINEERING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| INTERNATIONAL BUSINESS MACHINES ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | Case No.  04 C 8254 |
| _____ ) | |
| ) | Judge Elaine E. Bucklo |
| INTERNATIONAL BUSINESS MACHINES ) | |
| CORPORATION, ) | Magistrate Judge Arlander Keys |
| ) | |
| Counter-Plaintiff, ) | |
| v. ) | |
| ) | |
| BUSINESS SYSTEMS ENGINEERING, INC. ) | |
| and NATHAN PAIGE, ) | |
| ) | |
| Counter-Defendants. ) | |

**IBM'S REPLY IN SUPPORT OF BILL OF COSTS**

**INTRODUCTION**

Defendant/Counter-plaintiff International Business Machines Corporation ("IBM") submits this response to Plaintiff/Counter-defendant Business Systems Engineering, Inc.'s ("BSE") Objections to Defendant's Bill of Costs.  In its Objections, BSE raises one "general objection" and specifically challenges four amounts sought by IBM as taxable copying costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.  Pursuant to established Seventh Circuit law, BSE cannot escape taxation of costs due to alleged corporate "indigency."  Moreover, the copies of discovery documents for which IBM seeks reimbursement were reasonably necessary for use in this case.  Accordingly, IBM respectfully requests that this Court award IBM costs in the amount of $29,660.68.

## RELEVANT FACTUAL BACKGROUND

On October 11, 2007, this Court granted IBM's Motion for Summary Judgment on all counts of BSE's First Amended Complaint and, on December 20, 2007, entered judgment. As the prevailing party, on January 17, 2008, IBM filed an itemized Bill of Costs and affidavit in support. In its Bill, pursuant to Rule 54(d) and 28 U.S.C. § 1920, IBM seeks taxable costs of $29,660.68. On January 21, 2008, BSE filed Objections to IBM's Bill of Costs.

For its "general objection," BSE argues that (1) it should not have to reimburse any of IBM's costs because BSE is "indigent" and "insolvent and no longer operating" and (2) the Court should deny costs because BSE has filed a notice of appeal. Objs. at 3. BSE also asserts "specific objections," arguing that four categories of copying charges were incurred for the convenience of IBM counsel only and thus not taxable. *Id.* at 2.

## ARGUMENT

As the Seventh Circuit has made clear, there is a "strong presumption" that the prevailing party will recover costs. *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). In fact, this "presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Id.* The Seventh Circuit has consistently held that "the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 775 (7th Cir. 1975).

Against this backdrop, BSE attempts to challenge IBM's Bill of Costs by arguing that (1) IBM is not entitled to costs at all (the "general objection") and (2) IBM is not entitled to the full amount it seeks (the "specific objections"). As will be explained below, BSE has not

2

overcome the strong presumption that IBM should recover its costs, and neither of BSE's arguments has merit.

I.     The "General Objection"

The Seventh Circuit, in *Fehribach v. Ernst & Young LLP*, 493 F.3d 905 (7th Cir. 2007), rejected the argument that a losing corporate party should not have costs taxed to it because it is indigent. The court recognized that "[c]orporations . . . are not allowed to proceed *in forma pauperis*, and to allow them to escape paying costs, on grounds of indigency, would blur the distinction between individuals and corporations. For these reasons, it is indeed 'better to award costs 'as of course' (which is what [Fed. R. Civ. P. 54(d)] says) and leave to bankruptcy the question whether collection is possible. . . . [T]he parties' relative wealth is not a good reason to deny costs to the winner, any more than a losing litigant's indigence would be a good reason to withhold an award of damages for battery, theft, or breach of contract.'" *Id.* at 913 (citations omitted). Moreover, although *Fehribach* forecloses BSE's indigency argument, the authority is uniform that "[i]t is not just a matter of being unable to presently pay the costs; it must also be shown that the litigant is not likely to be able to pay the costs in the future, . . . and the litigant claiming indigency must provide specific evidence establishing his or her indigency." *Jansen v. Packaging Corp. of Am.*, No. 96 C 3777, 1997 WL 583063, at *1 (N.D. Ill. Sept. 11, 1997); *see also Falcon v. City of Chicago*, No. 98 C 4028, 2000 WL 1231403, at *1 (N.D. Ill. Aug. 28, 2000) ("the losing party must demonstrate actual indigency, not merely limited financial resources").

Here, BSE offers no evidence whatsoever to support its claim of indigency. Indeed, BSE is still in "good standing" in the state of Delaware, BSE's state of incorporation. *See* Ex. A, Paige Dep. Ex. 5. According to BSE's CEO Nathan Paige, BSE is not in bankruptcy and, in fact, has never filed for bankruptcy protection. *See* Ex. B, 3/5/07 Paige Tr. at 28. More

importantly, BSE has submitted no evidence – and indeed does not even assert – that it could not pay the costs in the future. As the Seventh Circuit has pointedly explained, "[BSE] should not be shielded from the costs [it] forced [IBM] to incur with [its] suit even if [it] is presently indigent. Just as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must [BSE] learn to exercise discretion and judgment in [its] litigious activity and accept the consequences of [its] costly lawsuit[]." *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994).

Like BSE's hollow indigency claim, the Seventh Circuit has expressly rejected BSE's argument that this Court should deny costs – or at least "delay determination" – because BSE has filed a notice of appeal. Objs. at 3. "[Plaintiff's] claim that [defendant] cannot be the prevailing party because the case has been appealed is specious; [defendant] had all claims in the district court resolved in its favor and is the very definition of a prevailing party, regardless of the pendency of [the] appeal." *Hoeller v. Eaton Corp.*, 149 F.3d 621, 626 (7th Cir. 1998). Like the *Hoeller* case, each and every one of BSE's claims was resolved in favor of IBM on summary judgment. Accordingly, regardless of the pending appeal, IBM is entitled to its costs.

## II. The "Specific Objections"

BSE concedes that IBM should be awarded almost $22,000 in costs but has challenged $7,755.06 of the $29,660.68 that IBM seeks. BSE claims that IBM is not entitled to four categories of copying costs. As explained below, however, each of these costs was necessarily incurred as part of the discovery process.

### A. Pre-Production Documents

IBM incurred $6,260.10 in costs to copy 41,726 pages of documents collected from IBM employees and IBM storage facilities throughout the country in response to BSE's requests for production. IBM seeks reimbursement for the costs of making one copy set of IBM

4

documents relating to the Chicago Transit Authority's ERP project ("CTA Project"), the subject of BSE's lawsuit and a $40 million project that lasted more than two years. IBM counsel reviewed these CTA Project documents and produced responsive ones to BSE. IBM seeks copying charges only, not related expenses such as attorney or paralegal time, travel, processing, and shipping. Because "[c]opies of documents attributable to production of discovery . . . are recoverable," *Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *6 (N.D. Ill. Jan. 23, 2007), IBM is entitled to the $6,260.10.

### B. OCRing BSE's Production

"OCRing" is a process in which electronic documents are rendered searchable. IBM seeks reimbursement for the cost of OCRing a portion of BSE's document production. Generally, "a party may recover the costs associated with one copy of discovery production documents." *Id.* Here, as a substitute for copying a portion (less than half) of BSE's production documents, IBM rendered the documents searchable. At least one court in this district has allowed costs for OCRing on similar grounds. *See Am. Nat'l Bank & Trust Co. of Chicago v. Allmerica Fin. Life Ins. & Annuity Co.*, No. 02 C 5251, at 5-6 (N.D. Ill. May 2, 2007), attached as Ex. C; *see also BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (holding that the district court did not abuse its discretion by taxing costs for electronic scanning and imaging); *Tahoe Tavern Prop. Owners Assoc. v. United States Forest Serv.*, No. CIV. S-06-407 LKK/GGH, 2007 WL 1725494, at *2 (E.D. Cal. June 14, 2007) (awarding costs for scanning/OCR).

### C. BSE Production Documents

BSE apparently contends that IBM is not entitled to one copy of the documents BSE produced to IBM, as BSE asks this Court to disallow the entirety of these costs. Contrary to BSE's statement (Objs. at 2), IBM did not make copies of BSE's production documents *to* store

5

them at an off-site warehouse.  As explained at Ex. D to IBM's affidavit in support of its Bill of Costs, IBM incurred costs of $524.64 to copy 3,279 pages of documents *produced by BSE* to IBM and stored *by BSE* at an off-site warehouse.  Similarly, BSE produced a hard drive containing numerous documents.  IBM seeks the costs for making one copy set of select documents from this hard drive.  These are the "blowbacks" and QuickBooks documents set forth at Ex. D to IBM's affidavit in support of its Bill.  In summary, the $1,002.94 represents the cost to IBM to make one copy set of BSE's production documents.  IBM is entitled to reimbursement for these costs.  *Nilssen*, 2007 WL 257711, at *6.

### D.     Third Party Productions

BSE also misconstrues the copying costs IBM incurred with respect to the subpoenas IBM served on third parties.  As IBM explained in its affidavit in support of its Bill of Costs (pg. 4), four third parties produced documents to IBM pursuant to subpoenas served on them.  IBM then incurred costs for copying and bates labeling these documents *for service on BSE*.  As BSE correctly points out, IBM is entitled to reimbursement of costs for copies delivered to opposing counsel (and one copy for itself).  *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 982-83 (N.D. Ill. 2003).  Here, IBM's request for $334.33 includes only these recoverable costs.

### CONCLUSION

For the reasons set forth above, IBM respectfully requests that this Court grant IBM's Bill of Costs in full and award IBM costs in the amount of $29,660.68.

Dated:  January 23, 2008                    Respectfully Submitted,
Todd C. Jacobs
Gary M. Miller                              INTERNATIONAL BUSINESS MACHINES
Matthew A. Bills                            CORPORATION
GRIPPO & ELDEN LLC
111 S. Wacker Dr., Chicago, IL 60606        /s/ Matthew A. Bills
Phone: (312)704-7700                        One of Its Attorneys
mbills@grippoelden.com

6

## **CERTIFICATE OF SERVICE**

I, Matthew A. Bills, an attorney, hereby certify that on January 23, 2008, I caused a true and correct copy of the foregoing **IBM'S REPLY IN SUPPORT OF BILL OF COSTS** to be served upon Plaintiff/Counter-defendant Business Systems Engineering, Inc. and Counter-defendant Nathan Paige by e-mail via ECF to the following:

> Arthur S. Gold
> GOLD & COULSON
> 11 S. LaSalle Street
> Suite 2402
> Chicago, IL  60603

/s/ Matthew A. Bills

142457