# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BUSINESS SYSTEMS ENGINEERING, INC.,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 04 C 8254<br>) |
| **INTERNATIONAL BUSINESS MACHINES CORPORATION,** | )<br>)<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

International Business Machines ("IBM"), the prevailing party in this case, has submitted a bill of costs totaling $29,660.68. Specifically, IBM requests 1) the fee of the clerk ($150.00); 2) fees for service of summons and subpoena ($661.25); 3) fees of the court reporter for all or any part of the transcript necessarily obtained for use in this case ($16,871.65); and 4) fees for exemplification and copies of papers necessarily obtained for use in the case ($11,977.78). Business Systems Engineering, Inc. ("BSE") has objected to four specific items on the grounds that the cost is non-recoverable or that the amount requested is unreasonable. In addition, BSE has objected generally on the grounds that 1) BSE is insolvent, and 2) BSE's appeal of the judgment in favor of IBM is pending. For the reasons discussed below, I award IBM the full amount requested.

Federal Rule of Civil Procedure 54(d) allows a prevailing party such as IBM to recover certain costs as a matter of course. FED. R. CIV. P. 54(d). *See also* 28 U.S.C.A. § 1920. "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). I must first determine whether IBM's requested costs are recoverable and then determine whether those costs are reasonable. *See, e.g., Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

### BSE's Specific Objections

#### Fee of the clerk

Fees of the clerk are recoverable under 28 U.S.C. § 1920. IBM has requested recovery in the amount of $150.00, and BSE makes no objection. I therefore tax the full amount sought.

#### Fees for service of summons and subpoena

Recovery of costs for service pursuant to 28 U.S.C. § 1920 may not exceed United States Marshal's fees. *Harkins v. Riverboat Services, Inc.*, 286 F.Supp.2d 976, 979 (N.D. Ill. 2003). IBM seeks $661.25 for service of summons and subpoenas. BSE did not object to this portion of IBM's request, and I will tax the full amount requested.

### Fees of the court reporter

IBM seeks a total of $16,871.65 for court reporter fees pursuant to § 1920 and provides invoices relating to each item in this category. In addition, IBM offers a detailed explanation of which items reflected in the invoices are included in its request and how the charges were calculated. BSE has not objected to these costs, and I find that they are reasonable. I will tax the full amount sought.

### Fees for exemplification and copies

All four of BSE's specific objections relate to costs in this category. BSE first objects to IBM's claim for $6260.10, corresponding to copies of documents IBM culled from various IBM sources in response to BSE's document requests. Seizing on language from *Harkins*, BSE argues that because not all of these documents were "actually prepared for use in the litigation and delivered to the court and opposing counsel," *Harkins*, at 982-83, they are outside the scope of § 1920.

BSE's reliance on *Harkins* is misplaced. First, the cited passage on its face addresses documents delivered to the court, not discovery materials, and holds that where one party had two sets of counsel, the cost of four copies was appropriate, since copies were required for each set of counsel and the court. *Id.* Second, neither *Harkins* nor any other authority cited by the parties squarely addresses the essence of BSE's contention, which is that

3

costs can only be recovered for copies of discovery materials that are *actually produced*, and not for copies of "pre-production" discovery materials (i.e., materials that are identified as potentially responsive and copied for attorney review, but not ultimately produced).

The case IBM cites, *Nilssen v. Osram Sylvania*, Inc., No. 01 C 3585, 2007 WL 257711, at *6 (N.D. Ill., Jan. 23, 2007), suggests that costs for pre-production copies are recoverable because it grants costs for two separate categories of documents: one identified as "production documents," for which both copying costs and "Bates" numbering costs were allowed, and another identified as "documents for discovery," for which only copying costs were sought and allowed. The latter category seems to correspond to IBM's "pre-production" copies.

*Nilssen* appears to be consistent with Seventh Circuit precedent. Although it has not addressed the question before me, the Seventh Circuit has set certain limits on the recovery under § 1920(4) for copies of "papers necessarily obtained for use in the case." In particular, in *Haroco v. American Nat'l Bank & Trust of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994) the court held that the cost of copies made for "attorney convenience" is not recoverable. BSE argues that the pre-production copies should be excluded under *Haroco*. I disagree. Identifying and copying documents that may be responsive to a document request are necessary steps in any

4

document production.  The fact that IBM's attorneys reviewed those documents and determined that some of them were not subject to production does not make a single copy of potentially responsive documents an "attorney convenience."  If additional copies were made for the use of IBM's attorneys, such copies would arguably fall under *Haroco*; but IBM seeks recovery for only one copy, and I find the corresponding costs recoverable.

I also find the amount IBM seeks for these copies to be reasonable.  IBM did not explicitly state the per-page cost of its copies, but it provided the total amount and the total number of pages, from which I glean an average per-page cost of less than $0.15.  That amount is reasonable.  *Harkins* at 982.

BSE also objects to IBM's request for $157.69 for "OCR'ing" (making electronically searchable) a portion of BSE's document production, again citing *Harkins*.  Again, *Harkins* is unavailing because that case disallowed, on the "attorney convenience" theory, recovery for electronic copies of documents that were duplicative of hard copies.  Here, IBM states that it "OCR'ed" documents as a substitute for hard copies.  Its costs are recoverable.  *Am. Nat'l Bank & Trust Co. of Chicago v. Allamerica Fin. Life Ins. & Annuity Co.*, No. 02 C 5251, at 6 (N.D. Ill. May 2, 2007)(Grady, J.).

BSE's final objections appear to be based on a misunderstanding of the materials IBM submitted in support of its bill of costs.  My understanding of the those materials supports

5

IBM's request.  Specifically, IBM seeks $1,002.94 for one copy of BSE's production documents, some of which were stored at an off-site warehouse (presumably of BSE's), and others of which were produced on electronic media.  IBM also seeks $334.33 for copies it served on BSE of documents produced to IBM by third parties.  Both of these costs are recoverable.

## BSE's General Objections

Turning to BSE's general objections, I find that both of its arguments are meritless. While an individual litigant's indigency may be considered in the decision to tax costs, unsuccessful corporate litigants are not entitled to such consideration. *Fehriback v. Ernst & Young* LLP, 493 F.3d 905 (7th Cir. 2007).  The fact that an appeal of BSE's unsuccessful claims is pending is equally unavailing as a basis for excusing payment of IBM's costs. *Hoeller v. Eaton Corp.*, 149 F.3d 621, 626 (7th Cir. 1998).

## Conclusion

For the reasons discussed above, I tax BSE the full amount of $29,660.68 requested in IBM's bill of costs.


**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 14, 2008